Colin Mulholland, Esq.
30-97 Steinway, Ste. 301-A
Astoria, New York 11103
Telephone: (347) 687-2019
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOSE ADAMES DURAN, | **COMPLAINT** |
| *Plaintiff*, | **JURY TRIAL DEMANDED** |
| -against- | Case No: 22-cv-4761 |
| EL CONUCO ACEVEDO CORP, EL CONUCO CORP., FERNANDO R. MELO VARGAS a/k/a Fernando Mello, Fernando Melo or Morro and DENISSE ALTAGRACIA CASTILLO a/k/a Denise Castillo. | |
| *Defendants*. | |

-----------------------------------------------------X

JOSE ADAMES DURAN ("Plaintiff") by and through his attorney, Colin Mulholland, Esq., as against EL CONUCO ACEVEDO CORP., EL CONUCO CORP., DENISSE ALTAGRACIA CASTILLO A/K/A Denise Castillo and FERNANDO R. MELO VARGAS a/k/a Fernando Mello, Fernando Melo or Morro (collectively, "Defendants"), alleges as follows:

**NATURE OF THE ACTION**

1. Plaintiff is a former employee of EL CONUCO at 718 Knickerbocker Ave, Brooklyn NY 11221 that was operated by Defendants DENISSE ALTAGRACIA CASTILLO A/K/A DENISE CASTILLO and FERNANDO R. MELO VARGAS a/k/a Fernando Mello, Fernando Melo or Morro, EL CONUCO CORP. and EL CONUCO ACEVEDO CORP.

1

2. Defendants own, operate, and/or controlled EL CONUCO at 718 Knickerbocker Ave, Brooklyn NY 11221.

3. EL CONUCO was a combination of a deli and grocery store.

4. Plaintiff was employed by Defendants as stock clerk and general laborer.

5. At all times relevant to this Complaint, Plaintiff worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours he worked each week.

6. Further, Defendants failed to pay Plaintiff the required "spread of hours" pay for any day in which he had to work over 10 hours per day.

7. Plaintiff now brings this action for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq*. and 650 *et seq.* ("NYLL"), and the "spread of hours" and overtime wage orders of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. § 1367(a).

9. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiff was employed by Defendants in this district.

## THE PARTIES

10. Plaintiff JOSE ADAMES DURAN ("Plaintiff DURAN") is an adult individual residing in Queens County, New York. Plaintiff DURAN was employed by Defendants at EL CONUCO from approximately June 2019 through December 2020.

11. EL CONUCO ACEVEDO CORP is a domestic corporation organized and existing under the laws of the state of New York. It maintains its principal place of business at 718 Knickerbocker Ave, Brooklyn NY 11221.

12. EL CONUCO CORP. is a domestic corporation organized and existing under the laws of the state of New York. It maintains its principal place of business at 718 Knickerbocker Ave, Brooklyn NY 11221.

13. Defendant FERNANDO R. MELO VARGAS a/k/a Fernando Mello, Fernando Melo or Morro is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant FERNANDO R. MELO VARGAS a/k/a Fernando Mello, Fernando Melo or Morro is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations.

14. Defendant FERNANDO R. MELO VARGAS a/k/a Fernando Mello, Fernando Melo or Morro possesses or possessed operational control over Defendant Corporation and controls or controlled significant functions of Defendant Corporations.

15. Defendant FERNANDO R. MELO VARGAS a/k/a Fernando Mello, Fernando Melo or Morro determined the wages and compensation of the employees of Defendants, including Plaintiff.

16. Defendant FERNANDO R. MELO VARGAS a/k/a Fernando Mello, Fernando Melo or Morro established the schedule of the Plaintiff.

17. Defendant FERNANDO R. MELO VARGAS a/k/a Fernando Mello, Fernando Melo or Morro issued pay to Plaintiff.

18. Defendant FERNANDO R. MELO VARGAS a/k/a Fernando Mello, Fernando Melo or Morro disciplined Plaintiff.

19. Defendant FERNANDO R. MELO VARGAS a/k/a Fernando Mello, Fernando Melo or Morro had the authority to hire and fire employees and in fact hired and fired Plaintiff.

20. Defendant FERNANDO MELLO supervised Plaintiff on a regular basis and reviewed his performance.

21. Defendant FERNANDO MELLO assigned Plaintiff his job tasks.

22. Defendant FERNANDO MELLO authorized and directed Plaintiff's schedule and pay.

23. Defendant DENISSE ALTAGRACIA CASTILLO A/K/A DENISE CASTILLO is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant DENISSE ALTAGRACIA CASTILLO A/K/A DENISE CASTILLO is sued individually in her capacity as an owner, officer and/or agent of Defendant Corporations.

24. Defendant DENISSE ALTAGRACIA CASTILLO A/K/A DENISE CASTILLO possesses or possessed operational control over Defendant Corporations, possesses or possessed an ownership interest in Defendant Corporations, and controls or controlled significant functions of Defendant Corporations.

25. Defendant DENISSE ALTAGRACIA CASTILLO A/K/A DENISE CASTILLO had the power to determine the wages and compensation of the employees of Defendants, including Plaintiff.

26. Defendant DENISSE ALTAGRACIA CASTILLO A/K/A DENISE CASTILLO had the authority to hire and fire employees.

27. Defendant DENISSE ALTAGRACIA CASTILLO A/K/A DENISE CASTILLO had the power to entering into contracts on behalf of the business.

## FACTUAL ALLEGATIONS

28. Defendant DENISSE ALTAGRACIA CASTILLO A/K/A DENISE CASTILLO possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, and controls significant functions of Defendant Corporation.

29. Defendant FERNANDO R. MELO VARGAS a/k/a Fernando Mello, Fernando Melo or Morro possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation.

30. Defendants are associated and joint employers, act in the interest of each other.

31. Each Defendant possessed substantial control over Plaintiff's working conditions and held power of over the supervision and implementation of the pay policies and practices with respect to the employment and compensation of Plaintiff.

32. Defendants jointly employed Plaintiff and were employers within the meaning of 29 U.S.C. § 201 e*t seq*. and the NYLL.

33. In the alternative, Defendants constitute a single employer of Plaintiff.

34. At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and New York Labor Law.

35. In each year from 2019 to 2022, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

36. In addition, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous food and cleaning items were used and sold daily EL CONUCO, such as vegetables, fruits, flour, eggs, milk, meats, cheese, cleaning supplies, were produced outside the State of New York.

37. Plaintiff was individually engaged in interstate commerce.

*Plaintiff JOSE ADAMES DURAN*

38. Plaintiff DURAN was employed by Defendants from approximately June 2019 through December 2020.

39. Throughout his employment with defendants, Plaintiff DURAN was employed at the EL CONUCO as a stock clerk and general laborer.

40. Plaintiff DURAN regularly handled goods in interstate commerce, such as food and other articles produced outside the state of New York.

41. Plaintiff DURAN's work duties required neither discretion nor independent judgment.

42. Plaintiff DURAN regularly worked in excess of 40 hours per week.

43. From June 2019 until approximately February 2020, Plaintiff DURAN worked six (6) days per week at the following approximate schedule:

   a. Monday: 8:00 A.M. until 6:00 P.M.

   b. Tuesday: 8:00 A.M. until 6:00 P.M.

   c. Wednesday: Day off.

   d. Thursday: 8:00 A.M. until 6:00 P.M.

   e. Friday: 8:00 A.M. until 6:00 P.M.

   f. Saturday: 8:00 A.M. until 6:00 P.M.

    g. Sunday: 9:00 A.M. until 6:00 P.M.

44. From approximately March 2020, when the pandemic started, until approximately October 2020, Plaintiff DURAN worked seven (7) days per week from 8:00 A.M. to 8:00 P.M. except Sundays when he worked from 9:00 A.M. to 6:00 P.M.

45. From October 2020 until approximately December 2020, Plaintiff DURAN worked six (6) or seven (7) days per week from 8:00 A.M. until 6:00 P.M.

46. Defendants paid Plaintiff a weekly salary of $500.00. However, when Plaintiff DURAN worked 7 seven days a week, Defendant would pay Plaintiff $150 in cash for the additional seventh day of work.

47. Defendant purported to make withholdings for state and federal taxes from his pay, however such withholding were never remitted to taxing authorities.

48. No notification was given to Plaintiff DURAN regarding overtime and wages under the FLSA and NYLL.

49. Defendants never provided Plaintiff DURAN with each payment of wages a proper and correct statement of wages, as required by NYLL 195(3).

50. Defendants never provided Plaintiff DURAN, any notice in English and in Spanish (Plaintiff DURAN's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

51. Defendants frequently bounced checks and paid Plaintiff later than 7 days.

52. Defendants failed to provide Plaintiff with paid vacation or sick days.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

53. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

54. Defendants, in violation of the FLSA, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

55. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

56. Plaintiff was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS

57. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

58. At all times relevant to this action, Defendants were Plaintiff DURAN's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff DURAN, controlled the terms and conditions of his employment and had the power to determine the rate and method of any compensation in exchange for his employment.

59. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

60. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

61. Defendants failed to pay Plaintiff at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

62. Defendants' failure to pay Plaintiff DURAN at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

63. Plaintiff DURAN was damaged in an amount to be determined at trial.

8

## THIRD CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK LABOR LAW

64. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

65. Defendants, in violation of the NYLL § 190 *et seq*. and associated rules and regulations, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

66. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

67. Plaintiff was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## NEW YORK STATE LAW MINIMUM WAGE CLAIM

68. Plaintiff DURAN repeats and realleges all paragraphs above as though fully set forth herein.

69. At all times relevant to this action, Defendants were Plaintiff DURAN's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff, controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

70. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff DURAN Less than the minimum wage.

71. Defendants' failure to pay Plaintiff DURAN the minimum wage was willful and not in good faith within the meaning of N.Y. Lab. Law § 663.

72. Plaintiff DURAN was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR

73. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

74. Defendants failed to pay Plaintiff one additional hour's pay at the basic minimum wage rate or prevailing regular rate of pay before allowances for each day Plaintiff's spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq.* and 650 *et seq.* and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

75. Defendants' failure to pay Plaintiff an additional hour's pay for each day Plaintiff's spread of hours exceeded ten hours was willful and not in good faith within the meaning of New York Lab. Law § 663.

76. Plaintiff was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
## VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

77. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

78. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business,

and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

79. Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION
## VIOLATION OF THE WAGE STATEMENT PROVISIONS
## OF THE NEW YORK LABOR LAW

80. Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

81. With each payment of wages, Defendants failed to provide Plaintiff with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

82. Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION
## UNPAID AND LATE WAGES UNDER NYLL ARTICLE 6 AND ARTICLE 19

83. Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

84. Defendants regularly paid Plaintiff later than seven (7) days.

85. Plaintiff was at all times a manual worker.

86. Defendants violated the NYLL by failing to timely pay Plaintiff for his work under

11

NYLL Section 19 *et seq*.

87. Defendants' failure to pay Plaintiffs was willful malicious and/or not in good faith.

88. Plaintiffs was damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

## UNLAWFUL DEDUCTIONS, LATE PAYMENTS, TOOLS OF THE TRADE and KICKBACKS

89. Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

90. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 196, 195 and 198 and the applicable regulations thereunder.

91. NYLL § 193(1) prohibits employers from making any deductions from an employee's wages except for those permitted by law or those made for the benefit of the employee which are expressly authorized in writing by the employee. N.Y. Lab. Law §193(1).

92. NYLL § 193(2) prohibits employers from making any charge against an employee's wages or requiring an employee to make any payment by separate transaction, unless such payment is a permitted deduction pursuant to § 193(1). NYLL § 193(2).

93. NYLL § 198-b prohibits Defendants from receiving "kickbacks" from Plaintiffs and other similarly-situated employees. NYLL § 198-b.

94. Title 12 of the Rules and Regulations of New York provides that the minimum wage shall not be reduced by expenses incurred by an employee in carrying out duties assigned by his employer.

95. Defendants deducted various unlawful charges from Plaintiffs pay including but not limited to tax withholdings that were never remitted to the government.

96. Moreover, these charges reduced Plaintiffs' wages below the minimum wage.

97. Said violations were not in good faith within the meaning of New York Labor Law §§ 198.1-a and 663.

98. Plaintiffs have been damaged in an amount as yet undetermined plus liquidated damages.

## TENTH CAUSE OF ACTION

## TOOLS OF THE TRADE AND KICKBACKS (FLSA)

99. Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

100. The regulations promulgated under the FLSA provide that wages cannot be considered to have been paid unless they are paid finally and unconditionally and without a direct or indirect "kickback" to the employer. 29 U.S.C. § 201 et seq.; 29 C.F.R. § 531.35.

101. An employer receives an indirect "kickback" when it requires employees to purchase tools of their trade which will be used in or are specifically required for the performance of their work. 29 C.F.R. § 531.35.

102. Defendants regularly received kickbacks by deducting various unlawful charges from Plaintiffs pay including but not limited tax withholdings that were never remitted to the government *inter alia*.

103. Moreover, these charges reduced Plaintiffs' wages below the minimum wage.

104. Defendants' FLSA violations were willful within the meaning of 29 U.S.C. § 255(a).

105. Plaintiffs have been damaged in an amount as yet undetermined plus liquidated damages, reasonable attorney's fees and costs, pre- and post- judgment interest and any other remedy permitted by law.

13

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants:

(a) Declaring that Defendants violated the minimum wage and overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff;

(b) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff's compensation, hours, wages, and any deductions or credits taken against wages;

(c) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff;

(d) Awarding Plaintiff damages for the amount of unpaid minimum wages and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(e) Awarding Plaintiff liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wages and overtime wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(f) Declaring that Defendants violated the minimum wage and overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff;

(g) Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff;

(h) Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff's compensation, hours, wages; and any deductions or credits taken against

14

wages;

(i)     Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiff;

(j)     Awarding Plaintiff damages for the amount of unpaid minimum wages and overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(k)     Awarding Plaintiff damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(l)     Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 and Article 6 as applicable;

(m)     Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

(n)     Awarding Plaintiff the expenses incurred in this action, including costs and attorneys' fees;

(o)     Enjoining Defendants' from future violations of the NYLL;

(p)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(q)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable by a jury.

Dated:  Astoria, New York
        August 12th, 2022

        By:    */s/ Colin Mulholland*
                Colin Mulholland, Esq.
                30-97 Steinway, Ste. 301-A
                Astoria, New York 11103
                Telephone: (347) 687-2019
                *Attorney for Plaintiff*